UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD MELVON SMITH,

    Petitioner,

                                        Case No. 07-14140

v.

                                        Honorable Patrick J. Duggan

MARY BERGHUIS,

    Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR
## A WRIT OF HABEAS CORPUS WITH PREJUDICE

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 9, 2008.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

Donald Melvon Smith ("Petitioner"), presently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is being held in violation of his constitutional rights. Petitioner challenges his conviction for second-degree murder, MICH. COMP. LAWS § 750.317. Respondent has filed an answer arguing that Petitioner's application was not timely filed under 28 U.S.C. § 2244(d)(1). Petitioner subsequently filed a "Motion for Voluntarily [*sic*] Dismissal of Habeas Corpus Petition, Under 28 USC 2254," in which Petitioner acknowledges that he submitted his petition "beyond the applicable limitation period, under the Anti-Terrorist [*sic*] and Effective Death Penalty

Act." (Pet.'s Mot. Vol. Dis. ¶ 1.) In his motion for voluntary dismissal, Petitioner "respectfully request[s] that this Court Dismiss his Habeas Corpus Petition, without prejudice to his going back to the state court's [*sic*] and seeking federal habeas review, within the applicable limitation period, at a later date and time." (*Id.* at 2.)

## I. Background

Following a jury trial, Petitioner was convicted of a single count of second-degree murder in the Wayne County Circuit Court in September 1999. On December 7, 1999, Petitioner was sentenced to 15 to 30 years' imprisonment.

Petitioner's direct appeals with the Michigan courts ended on December 30, 2003, when the Michigan Supreme Court denied leave to appeal after the Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Smith*, No. 124195 (Mich. Sup. Ct. Dec. 30, 2003); *People v. Smith*, No. 231336 (Mich. Ct. App. May 13, 2003).

On January 10, 2005, Petitioner filed a post-conviction motion for relief from judgment in the Wayne County Circuit Court under Michigan Court Rule 6.508(D). Petitioner's motion for relief from judgment was denied by the Wayne County Circuit Court on November 9, 2005, and Petitioner never appealed the denial of this motion for relief from judgment.

Petitioner then filed a second or successive motion for relief from judgment in the Wayne County Circuit Court, which was denied on March 10, 2006. In May 2006, Petitioner filed a delayed application for leave to appeal the March 10, 2006 order denying his successive motion for relief from judgment in the Michigan Court of Appeals. On June 29, 2006, the Michigan Court of Appeals dismissed Petitioner's

2

delayed application for leave to appeal for lack of jurisdiction, stating that Petitioner "cannot appeal the denial of a successive motion for relief from judgment." *People v. Smith*, No. 270623 (Mich. Ct. App. June 29, 2006). Petitioner subsequently filed an application for leave to appeal the June 29, 2006 order of the Michigan Court of Appeals with the Michigan Supreme Court, which was denied on December 28, 2006, because Petitioner's "motion for relief from judgment was prohibited by MCR 6.502(G)." *People v. Smith*, No. 131914 (Mich. Sup. Ct. Dec. 28, 2006).

Petitioner's habeas corpus petition was filed with this Court on October 1, 2007.

## II. Applicable Law and Analysis

Petitioner's application for a writ of habeas corpus must be dismissed with prejudice because it was not filed within the one-year statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on habeas petitions filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). In most cases, including this one, the AEDPA's one-year statute of limitations does not begin to run until "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1). For purposes of § 2244(d)(1), the judgment on a petitioner's conviction becomes final when the 90-day time period for filing a petition for a writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Moreover, where a petitioner properly files an "application for State post-conviction or other collateral review," the AEPDA's one-year statute of limitations is tolled while the State post-conviction or collateral review is "pending." *Id.* § 2244(d)(2);

3

*see also Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007)(holding that an application for state post-conviction review is not "pending" after state's post-conviction review is complete). Nevertheless, the AEDPA's one-year statute of limitations does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

In this case, the judgment on Petitioner's conviction became final on March 30, 2004, 90 days after the Michigan Supreme Court denied Petitioner's application for leave to appeal the decision of the Michigan Court of Appeals affirming Petitioner's conviction. Petitioner therefore would have had until April 1, 2005 to file a federal habeas corpus petition, *see* FED. R. CIV. P. 6(a)(1)(excluding day of event that begins period for purposes of computing time), unless the one-year limitation period was tolled. Petitioner, however, filed a motion for relief from judgment in the Wayne County Circuit Court on January 10, 2005, with 80 days remaining in the one-year limitation period. This motion tolled the statute of limitations. *See* 28 U.S.C. § 2244(d)(2).

Petitioner's motion for relief from judgment was denied by the Wayne County Circuit Court on November 9, 2005. Petitioner then had one-year, or until November 9, 2006, to appeal the denial of his motion for relief from judgment in the Michigan Court of Appeals. *See* MICH. CT. R. 6.509(A). Petitioner never filed an appeal in the Michigan Court of Appeals. Rather, Petitioner filed a successive motion for relief from judgment in the Wayne County Circuit Court, which was denied on March 10, 2006. Petitioner's successive motion for relief from judgment, and the appeals that followed, did not toll the AEDPA's one-year statute of limitations, because Petitioner's successive motion for

4

relief from judgment was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *See* MICH. CT. R. 6.502(G)(stating that unless there has been a retroactive change in the law, "after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction"); *see also Raines v. Berghuis*, No. 07-10605, 2008 U.S. Dist. LEXIS 40844, at *11-12 (E.D. Mich. May 22, 2008)(explaining that a successive motion for relief from judgment is not properly filed for purposes of tolling the AEDPA's statute of limitations). Therefore, the one-year limitation period continued to run on November 10, 2006. *See* FED. R. CIV. P. 6(a); *Lawrence*, 127 S. Ct. at 1083. As of that date, Petitioner had until approximately January 30, 2007, to file a federal habeas corpus petition. Petitioner did not file his present petition until October 1, 2007, well after the expiration of the one-year statute of limitations. Consequently, Petitioner's application for a writ of habeas corpus is untimely pursuant to 28 U.S.C. § 2244(d)(1).

As indicated above, Petitioner concedes that his petition was not filed within the AEDPA's one-year statute of limitations. Moreover, although the AEDPA's one-year statute of limitations is subject equitable tolling, *see Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005), Petitioner does not argue that equitable tolling is appropriate in this case. Nevertheless, Petitioner has filed a motion for voluntary dismissal, arguing that his failure to timely file his present petition should result in a dismissal without prejudice. Contrary to Petitioner's argument, a dismissal of a federal habeas corpus petition as untimely under 28 U.S.C. § 2244(d)(1) is a dismissal with prejudice, meaning Petitioner is unable to assert the claims in his present petition at a later date. Therefore, Petitioner's motion for voluntary dismissal must be denied.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's motion for voluntary dismissal of his petition for a writ of habeas corpus is **DENIED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Donald Melvon Smith
#302252
West Shoreline Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

Andrew L. Shirvell, A.A.G.