UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD MELVON SMITH,

    Petitioner,

                                       Case No. 07-14140

v.

                                       Honorable Patrick J. Duggan

MARRY BERGHUIS,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 18, 2008.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Donald Melvon Smith ("Petitioner"), presently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is being held in violation of his constitutional rights. Respondent filed an answer arguing that Petitioner's application was not timely filed under 28 U.S.C. § 2244(d)(1). Petitioner then filed a "Motion for Voluntarily [*sic*] Dismissal of Habeas Corpus Petition, Under 28 USC 2254," in which Petitioner acknowledged that he submitted his petition "beyond the applicable limitation period, under the Anti-Terrorist [*sic*] and Effective Death Penalty Act." (Pet.'s Mot. Vol. Dis. ¶ 1.) In his motion for voluntary dismissal, Petitioner "respectfully request[ed] that

this Court Dismiss his Habeas Corpus Petition, without prejudice to his going back to the state court's [*sic*] and seeking federal habeas review, within the applicable limitation period, at a later date and time." (*Id.* at 2.)

In an Opinion and Order issued on June 9, 2008, this Court dismissed Petitioner's application for a writ of habeas corpus with prejudice because it was not filed within the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). That same day, after filing the Opinion and Order dismissing the petition for a writ of habeas corpus, the Court received and filed Petitioner's "Request to Dismiss [His] Voluntary Request for Dismissal of Habeas Corpus Petition," which was notarized on June 2, 2008. Presently before this Court is Petitioner's "Motion for Reconsideration of the Court's Opinion and Order Dismissing Petition for a Writ of Habeas Corpus With Prejudice."

Pursuant to Eastern District of Michigan Local Rule 7.1(g)(2), "[n]o response to [a] motion [for reconsideration] and no oral argument are permitted unless the court orders otherwise." Furthermore, the standard for a Motion for reconsideration is set forth in Eastern District of Michigan Local Rule 7.1(g)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus, "[t]he Court will grant a motion for reconsideration if the moving party shows: (1) a 'palpable defect,' (2) that the defect misled the Court and the parties, and (3) that

2

correcting the defect will result in a different disposition of the case." *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). "A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

In his motion for reconsideration, Petitioner argues that this Court should have equitably tolled the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) because the state court "impeded [his] 'post conviction' filing[s]." (Doc. No. 11, Pet.'s Mot. for Reconsideration at 3 (alterations in original).) Petitioner states that on August 3, 2005, he filed a complaint in the Wayne County Circuit Court regarding a Motion to Compel he filed "in preparing post conviction filings." (*Id.* at 4.)

Although Petitioner argues that this Court should have equitably tolled the one-year statute of limitations under 28 U.S.C. § 2244(d)(1), he cites and apparently relies on 28 U.S.C. § 2244(d)(1)(B). Pursuant to 28 U.S.C. § 2244(d)(1), the one-year limitations period that applied to applications for writs of habeas corpus begins to run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action . . . .

Petitioner's claim that the Wayne County Circuit Court's alleged failure to rule on his "Motion to Compel," which was filed on August 4, 2004, prevented him from timely

filing the present suit is belied by his own actions.  Indeed, as indicated in this Court's June 9, 2008 Opinion and Order, Petitioner filed two motions for relief from judgment after he allegedly filed his "Motion to Compel."  *See also Lloyd v. Miller*, 152 F. Supp. 2d 1119, 1122 (N.D. Ind. 2001)(holding that a petitioner's filing of an application for a writ of habeas corpus without the removal of the alleged impediment suggests that there was no impediment in the first place).  Consequently, Petitioner has failed to show that the Court was misled by a palpable defect when it applied 28 U.S.C. § 2244(d)(1)(A) and later dismissed with prejudice his petition for a writ of habeas corpus as untimely.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Donald Melvon Smith
#302252
West Shoreline Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

Andrew L. Shirvell, A.A.G.